# United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR418-082 |
| | ) | |
| DELFINO FERNANDEZ-HERERRA, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Delfino Fernandez-Herrera's Motion to Amend Judgment to Give Credit for Time Served, dkt. no. 27, to which the Government objects, dkt. no. 28.

Defendant and the Government agree that Defendant has been in federal custody since February 15, 2018, the date of his arrest. On June 14, 2018, Defendant pled guilty to illegal re-entry by a removed alien, in violation of 8 U.S.C. § 1326(a). On the same day, he was sentenced to six months' imprisonment. Defendant requests that he be "given credit for time served and deported as soon as possible." Dkt. No. 27 at 2.

Pursuant to 18 U.S.C. § 3585, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." § 3585(b)(1).

Based on the limited facts before the Court, it appears Defendant is entitled to credit for the approximately four months he was in custody before sentencing. However, the relief Defendant seeks, i.e., an amended judgment from the Court, is not warranted. It is not the Court but the Attorney General, through the Bureau of Prisons, who has the responsibility for computing and administering Defendant's sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). "To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." Id. Defendant, therefore, must first go through the BOP to obtain the relief he seeks. "[C]redit for time served may be properly sought under 28 U.S.C. § 2241, but only after the exhaustion of administrative remedies." See, e.g., Patterson v. Warden, FCC Coleman-Medium, No. 5:11-CV-425-OC-99TBS, 2013 WL 589126, at *4 (M.D. Fla. Feb. 14, 2013). Accordingly, Defendant's motion is **DENIED**.

SO ORDERED this 12 day of July, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA